THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMERALD CITY PET RESCUE,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE<br>COMPANY, *et al.*,<br><br>Defendants. | CASE NO. C24-1843-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for summary judgment (Dkt. No. 42). Having thoroughly considered the briefing and record, the Court DENIES the motion for the reasons described herein.

The Court described the facts of this case and its procedural history in previously denying summary judgment to the parties. (*See* Dkt. No. 28.) It will not repeat that information here, other than to say that, at the time, Plaintiff offered unrebutted evidence of *some* coverage in this insurance garnishment action but not the *quantum* of coverage. (*See generally id.*) This was because the evidence that Plaintiff pointed to before failed to distinguish between costs incurred to repair or replace covered non-excluded property versus costs incurred to prevent future damage to that property. (*Id.*)

Since the last set of motions, Plaintiff engaged Peter Jewett, an engineering geologist and consultant. He opined that all costs Plaintiff incurred, for which it now seeks recovery, "were

C24-1843-JCC
ORDER
PAGE 1

necessary to abate the threat to human health and the environment" from 360 Plumbing's allegedly shoddy work. (Dkt. No. 42-3 at 2–3.) As such, amounts incurred were "remedial" rather than preventative. (*Id.*) But this opinion fails to address the other issue the Court raised: which expenses were incurred to repair/replace property *subject to policy exclusions* versus that which is not. (*See* Dkt. Nos. 42-3 at 18–19, 49 at 15–19.)[1]

Thus, the Court is at the same point it was before. Genuine issues of fact remain as to the quantum of harm as to covered non-excluded property. Thus, judgment as a matter of law in this garnishment remains inappropriate.[2] The Court DENIES Plaintiff's motion for summary judgment (Dkt. No. 42.)

It is so ORDERED this 17th day of February 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Nor does any other evidence that Plaintiff points to squarely address this issue. (*See* Dkt. Nos. 42-1, 42-2.)

[2] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering such motions, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Accordingly, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Conversely, if that showing is made, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

C24-1843-JCC
ORDER
PAGE 2