THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMERALD CITY PET RESCUE,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, *et al.*,<br><br>Defendants. | CASE NO. C24-1843-JCC<br><br>ORDER |

The Court, following a bench trial, and in an order disposing of Plaintiff's garnishment action against Defendant, a garnishee, awarded Plaintiff (as a judgment creditor) $8,463 of the $116,418 held in judgment against a debtor insured by Defendant. (*See generally* Dkt. No. 72) (findings of fact and conclusions of law). In so doing, the Court found that the remaining amounts the debtor owed to Plaintiff were not covered by the insurance policy between Defendant and the debtor and, thus, the amounts are not recoverable in this action. (*See generally id.*) What remains for determination here, then, is the prevailing party award for costs and attorney fees pursuant to RCW 6.27.230. As further discussed below, the Court awards net attorney fees and costs to Defendant of $29,502.30.

Depending on the nature of the action, Washington law provides that a prevailing party may recover costs and/or attorney fees. *See, e.g.*, RCW 4.84.010 *et seq.*, RCW 19.86.090. This includes garnishment actions, where the statute allows for recovery of "costs of the proceeding,

including a reasonable compensation for attorney fees," for "controverted" actions. RCW 6.27.230; *see Park Place Motors, Ltd. v. Elite Cornerstone Constr.*, LLC, 493 P.3d 136, 140 (Wash. Ct. App. 2021) (applying RCW 6.27.230).

Following issuance of its findings and conclusions, the Court invited supplemental briefing on how such an award should be determined here, given that the Plaintiff received less than the amount it sought in this action. (*See* Dkt. No. 72 at 12.) In response, each claimed to be the prevailing party and asked for an award of costs and fees. (*See generally* Dkt. Nos. 73, 75.) The briefing raised the following issues: the import of the disparity between the amount Plaintiff sought in garnishment and what it received; how an offer of judgment from Defendant, made well prior to and significantly in excess of the amount awarded through trial, impacts recoverable fees and costs; and, finally, the reasonableness of the fees and costs incurred. The Court addresses each below.

Generally, Washington law provides that, in a suit allowing for a cost or fee award, "a prevailing party is generally one who receives a judgment in its favor." *Schmidt v. Cornerstone Investments, Inc.*, 795 P.2d 1143, 1151 (Wash. 1990). And when less than absolute victory occurs, the substantially prevailing party is the one entitled to an award. *See Emerick v. Cardiac Study Ctr.*, Inc., 357 P.3d 696, 706–07 (2015) (Wash. Ct. App. 2015). This, in turn, is based on the relative relief afforded. *Riss v. Angel*, 934 P.2d 669, 681 (Wash. 1997). To be clear, though, "[t]he recovery amount, or percentage recovered in comparison to the amount sought, is *not* dispositive to determine prevailing party status." *Douglass v. Shamrock Paving, Inc.*, 406 P.3d 1155, 1161 (Wash. 2017) (emphasis added).

Here, of course, only Plaintiff sought relief (namely a garnishment in the amount of $116,418) and, while its recovery was far less, Plaintiff nevertheless (a) did receive a garnishment judgment in its favor on a contested amount and (b) was the only party to receive relief. (*See generally* Dkt. No. 72.) In such instances (*i.e.*, when a garnishment amount is contested but the garnishee seeks no affirmative relief) Washington law seems clear: a successful plaintiff is the prevailing party, irrespective of the amount received. *See, e.g.*, *Hinote's Home*

*Furnishings, Inc. v. Olney & Pederson, Inc.*, 700 P.2d 1208, 1213 (Wash. Ct. App. 1985); *Bergen Industries and Fishing Corp. v. Jt. Stock Holding Co. Dalmoreproduct*, 126 Wn. App. 1039, 2005 WL 715936 (Wash. Ct. App. 2005)); *see also Weyerhaeuser Co. v. Calloway Ross, Inc.*, 137 P.3d 879, 882 (Wash. Ct. App. 2006) (finding insurer who failed to successfully oppose garnishment not to be a prevailing party).

Of note, *Hinote's Home Furnishings, Inc.*, cited above, which applied the predecessor to RCW 6.27.230, found error by the lower court in declining to award attorney fees to the plaintiff when it received less than half of the controverted garnishment through its action, since the garnishee claimed that it owed nothing in its answer. *See* 700 P.2d at 1212–13. Thus, the plaintiff was the prevailing party. *Id.* In *Bergen Industries and Fishing Corp.*, the Washington Court of Appeals went even further. *See* 2005 WL 715936 at *7. There, it said when a plaintiff "makes *any* recovery after controverting the garnishee's answer that it owed nothing to the judgment debtor" the plaintiff is the prevailing party. *Id.* (emphasis added). Based on this authority, the Court is left with the firm conviction that Plaintiff is, in fact, the prevailing party for purposes of RCW 6.27.230 and is entitled to its costs and fees, subject to considerations discussed below.

However, Washington law also provides that if a plaintiff receives an offer of judgment before trial begins and declines the offer, and if the amount ultimately recovered is less than the offer, then the plaintiff must pay the offeror's costs "after making the offer." Wash. Super. Ct. Civ. R. ("CR") 68. In such instances, albeit not involving a garnishment action, a Washington court held that the plaintiff cannot be considered a prevailing party. *See, e.g.*, *Tippie v. Delisle*, 777 P.2d 1080, 1082–83 (1989) (Wash. Ct. App. 1989) (analyzing interaction of CR 68 with RCW 4.84.030). A sister court reached a similar conclusion. *See Krantz v. Allstate Prop. & Cas. Ins. Co.*, 2014 U.S. Dist. LEXIS 100592, slip op. at 1 (W.D. Wash. 2014) (citing Fed. R. Civ. P. 68(d), *Tippie*, 777 P.2d 1080). The Court declines to follow those rulings, at least in part and as described below.

By way of review, on December 8, 2025, Defendant made the offer of judgment of $129,999, which was well in excess of the amount Plaintiff later recovered through the bench

trial. (*Compare* Dkt. No. 74 at 30–31, *with* Dkt. No. 72 at 11–12.) This is uncontested. (*See* Dkt. No. 78[1] at 4.) While the Court cannot ignore the import of this offer, it also cannot ignore RCW 6.27.230's clear edict—which seems to be in tension with CR 68. Again, the prevailing party is the one who receives a judgment in its favor. *See, e.g.*, *AllianceOne Receivables Mgt., Inc. v. Lewis*, 325 P.3d 904, 909 (Wash. 2014); *Eagle Point Condo. Owners Ass'n v. Coy*, 9 P.3d 898, 906 (Wash. Ct. App. 2000). Thus, in the interest of equity, and in compliance with CR 68, the Court concludes that Plaintiff is, in fact, the prevailing party for purposes of RCW 6.27.230 but that it is only entitled to its reasonable fees and costs through December 8, 2025. After this date, Defendant is entitled to its reasonable fees and costs, in accordance with CR 68.

Reasonable attorney fees are calculated using the "lodestar" method, which involves multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). In *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), the Ninth Circuit listed a number of factors district courts should consider in making their determination of both the number of hours reasonably expended and a reasonable hourly rate. "Among the factors identified by *Kerr* as relevant to the determination of a reasonable fee are the following: experience, reputation, and ability of the attorney . . . ; the customary fees; and the novelty or the difficulty of the question presented." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986).

Plaintiff presents records supporting $82,347.50[2] in billed fees and $6,702.24 in billed

---

[1] In this same filing, Plaintiff moves to strike from Defendant's supplemental briefing its references to other aspects of the parties' settlement negotiations, as barred by Federal Rule of Evidence 408. (*See id.* at 1–3.) Rather than strike the material form the record, the Court disregards it for purposes of the matter presently before it. Further, the Court will not consider arguments presented in the remainder of Plaintiff's filing (*id.* at 3–12), as the Court did not invite a response to requested supplemental briefs. (*See* Dkt. No. 72 at 12.) Thus, it would be unfair for the Court to consider Plaintiff's uncontested arguments.

[2] Plaintiff, in its supplemental brief, maintains that it incurred $98,885 in attorney fees through December 8, 2025. (*See* Dkt. No. 75 at 4.) The Court reviewed the supporting entries provided by Plaintiff (Dkt. No. 77 at 4–74) and found redacted entries included in its total, along with a

costs through December 8, 2025. (*See* Dkt. No. 77 at 4–74.) Whereas Defendant presents records showing $114,973.50[3] in attorney fees and $3,578.54 in costs incurred *after* December 8, 2025. (*See* Dkt. No. 74 at 71–90.) The Court reviewed the entries for each in accordance with the *Kerr* factors and finds them reasonable in the rate charged and in the amount of time expended. No reductions are warranted.

Thus, in sum, the Court awards net attorney fees and costs to Defendant of $29,502.30 (calculated as $118,552.04 in fees and costs Defendant incurred post-offer of judgment, less $89,049.74 in fees and costs Plaintiff incurred pre-offer). A judgment for this amount, along with previously adjudicated amounts, (*see* Dkt. No. 72 at 11–12), will follow.

So ORDERED this 18th day of November 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

handful of entries after the offer date. All appear to be included in the total fee award requested, so must be excluded here. See below for a summary of Plaintiff's permissible fee entries:

| Dkt No. | Month | Atty. Fees. | | Dkt No. | Month | Atty. Fees. |
|---|---|---|---|---|---|---|
| | | | | | | |
| 77 at 5 | Sep-24 | 2,174.50 | | 77 at 37 | May-25 | 9,667.00 |
| 77 at 9 | Oct-24 | 1,095.50 | | 77 at 41 | Jun-25 | 10,932.50 |
| 77 at 12 | Nov-24 | 5,784.00 | | 77 at 46 | Jul-25 | 238.00 |
| 77 at 15 | Dec-24 | 1,972.50 | | 77 at 49 | Aug-25 | 3,076.50 |
| 77 at 18 | Jan-25 | 2,735.50 | | 77 at 52 | Sep-25 | 6,559.00 |
| 77 at 22 | Feb-25 | 3,216.50 | | 77 at 56 | Oct-25 | 16,060.50 |
| 77 at 28 | Mar-25 | 2,854.50 | | 77 at 62 | Nov-25 | 7,598.50 |
| 77 at 32 | Apr-25 | 8,144.50 | | 77 at 66 | Dec-25 | 238.00 |

[3] This amount reflects the exclusion of $562.50 in non-lawyer billings made after the offer of judgment included in Defendant's accounting. (*See* Dkt. No. 74 at 81, 82, 89.) These entries lack the detail necessary to support inclusion in a fee award. *See Jung v. Liberty Mut. Fire Ins.*, 2023 WL 2266088, slip op. at 3 (W.D. Wash. 2023) (citing *Absher Const. Co. v. Kent Sch. Dist. No. 415*, 917 P.2d 1086, 1088 (Wash. Ct. App. 1995).